**MAIDENS v MARKER et**

Ohio Appeals, 2nd Dist, Darke Co

No. 367.   Decided Dec 26, 1930

Joseph Sharts, Dayton, and Alvin North, for plaintiff in error.

Murphy, Billingsley, Jobes, and Brumbach, Greenville, for defendant in error.

ALLREAD, J.

The case presented is a complicated one and has been fully and ably argued. It is claimed that the trial court improperly opened up and vacated the two default judgments. We are of opinion that the cases cited by counsel for plaintiff in error upon this question are not applicable. They are cases, either where the trial court has refused to open up default judgment and has therefore refused to exercise his discretion and a reviewing court has been called upon to reverse the judgment of the trial court and cases where the trial court acts upon a motion filed to vacate the judgment after trial term.

The rule is correctly stated by Judge Matthias in **Commissioners v Dietsch, 94 Oh St 4,** as follows:

"The rule has been sufficiently stated and so universally recognized that judgments are under the control of the court which pronounces them, during the term which they are rendered that nothing further than a re-statement of the rule and application thereof to this case seems necessary."

We think therefore that the trial court, in this case, acted within the limits of its discretion in vacating the judgment and that there is no error in respect thereto. Thereafter the case proceeded to trial before the court and jury.

Objections were made to the examination of Daisy V. Marker and especially to her examination with reference to the position which she took in the trial of a former case and to the examination of Niswonger and Krickenberger in respect to her testimony in said case. We have carefully examined the record upon this question and reach the conclusion that Daisy V. Marker was called there an adversary witness and that the parties were not bound by her testimony in respect to the position which she took as a witness and in the trial of said case could call other apparently disinterested witnesses to state the position which she then took. It may be true that under the old cases that the testimony of Niswonger and Krickenberger were not competent, but we think under the law as it has now been developed in Ohio both by statute and by the recent decisions of our courts this testimony is competent. **Traction Company v Hatfield, 17 C. C. (NS) 350; Kent v State 42 Oh St, 426; Hayes v Smith, 62 Oh St, 161.**

Again it is urged that the trial court erred in admitting a schedule containing the list of notes known as Exhibit N. We have examined this schedule and we see no reason why same is not competent as evidence. The next question relates to the objections to the special and general charges. We have carefully read these special charges numbered from 1, 2, 4 and 7 and we are satisfied that the same were properly given. We also note the exception to the general charge of the court and find no objections thereto. There is but one other question which is presented by the brief of counsel for plaintiff in error and that relates to the weight of the evidence. There is a dispute as to whether the Jackson notes, one of which was assigned to the plaintiff, became a part of the estate of which Albert T. Marker was administrator. Upon this issue there is a conflict of evidence. There is evidence from which it may be inferred that the notes were assigned to and became a part of the estate. There is other evidence that the loan of Jackson was taken in the name of Daisy V. Marker and the same was held by her and her attorney in fact, Albert T. Marker and was finally paid off by the purchaser of the Jackson real estate in Preble County. It was, of course, competent for Albert T. Marker to be the attorney in fact for Daisy V. Marker and for Daisy V. Marker to do business as the witnesses state independently of the estate. The only facts which are conclusively proven or so clearly proven as to require this court to respect them even in opposition to the verdict is that Albert T. Marker credited in said estate the amount of commissions upon the Jackson deal. Other evidence tending to prove that these notes went into the estate is not of such nature as would justify this court in finding them proven by testimony sufficient to set aside the verdict of the jury. We do not think that from the fact that the commission to Albert T. Marker was credited to the estate is of sufficient importance to prove that the notes themselves became a part of the estate. While we admit there is some doubt on this subject, we think the evidence is sufficient to support the verdict of the jury and said verdict is not contrary to the manifest weight of the evidence. Motion for a new trial was properly overruled and the verdict of the jury and the judgment of the court are not contrary to the manifest weight of the evidence.

Judgment affirmed.

KUNKLE, PJ, and HORNBECK, J, concur.